# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GERALD W. MARSHALL, ) | 3:07-cv-00222-RAM |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION AND** |
| vs. ) | **ORDER** |
| ) | |
| LIEUTENANT BRUCE KIRBY, ) | |
| individually and in his official capacity, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Before the court is Plaintiff's Bill of Costs (Doc. # 85) and Motion for Attorney's Fees and Costs (Doc. # 86).[1] Defendant objected to the bill of costs (Doc. # 87) and Plaintiff replied (Doc. # 88). Defendant moved to strike Plaintiff's reply to Defendant's objection to the bill of costs (Doc. # 89). Plaintiff opposed the motion to strike (Doc. # 91). Defendant also opposed the motion for attorney's fees (Doc. # 90) and Plaintiff replied (Doc. # 92). After a thorough review, the court grants the motion for attorney's fees in part, and denies the motion in part. The court denies Defendant's motion to strike Plaintiff's reply in support of the bill of costs. The court also grants the bill of costs in part, and denies it in part.

## I. BACKGROUND

On April 3, 2007, Plaintiff Gerald W. Marshall (Plaintiff) filed his complaint for personal injury naming as defendants: (1) Lieutenant Bruce Kirby; (2) then Chief of Police, Michael Poehlman; (3) Reno Police Department; and (4) City of Reno. (Doc. # 1-1, ¶¶ 2- 5). The complaint originally contained claims for unlawful detention, use of excessive force, and arrest

---

[1] Refers to court's docket number.

without probable cause in violation of the Fourth Amendment, assault and battery, false imprisonment, intentional infliction of emotional distress, and negligent hiring, training, supervision and retention, as well as breach of the duty of due care. (Doc. # 1-1.) By the time of trial, the only claims remaining were unlawful detention, use of excessive force, and arrest without probable cause, all in violation of the Fourth Amendment and 42 U.S.C. § 1983 against Defendant Bruce Kirby. (Doc. # 86 3.)

The matter went to trial in February 2009 and ended in a mistrial as a result of a deadlocked jury. (*See* Doc. # 28-Doc. # 32.) Defendant Bruce Kirby filed an interlocutory appeal based on the court's ruling on Defendant Kirby's motion for judgment as a matter of law on the grounds of qualified immunity (Doc. # 43) which was dismissed by the Ninth Circuit and remanded to the trial court for further proceedings (Doc. # 53).

A second jury trial commenced on August 30, 2010, resulting in a verdict in favor of the Plaintiff on the excessive force claim and awarding Plaintiff $25,000.00 in actual damages. (*See* Doc. # 70- Doc. # 80.) Judgment was entered on September 2, 2010. (Doc. # 84.) Plaintiff has now filed a bill of costs and motion for attorney's fees which Defendant has opposed. (Doc. # 83, Doc. # 85, Doc. # 86 - Doc. # 92.)

## II. LEGAL STANDARD

The Civil Rights Attorney's Fees Award Act of 1976 provides for a prevailing plaintiff's recovery of reasonable attorney's fees in civil rights actions. *See* 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of section...1983 of this title,...the court, in its discretion, may allow the prevailing party...a reasonable attorney's fee as part of the costs..."). "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (citation omitted).

"A party need not prevail on all issues litigated, but must succeed on at least some of the merits." *Cummings v. Connell*, 402 F.3d 936, 946 (9th Cir. 2005) (citation omitted). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," and "the fee award should not be reduced simply because the plaintiff failed to prevail on every

contention raised in the lawsuit." *City of Riverside v. Rivera*, 477 U.S. 561, 569 (1986) (quoting *Hensley*, 461 U.S. at 435). "In short, a plaintiff 'prevails' when actual relief on the merits of [the plaintiff's] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992).

Once a party has established that it is entitled to an award of attorney's fees, "[i]t remains for the district court to determine what fee is 'reasonable.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). Under federal law, reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in *Hensley*. *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation. *See Fischer*, 214 F.3d at 1119 (citation omitted).

The *Kerr* factors are:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or other circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. *See Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). Further, the Ninth Circuit, extending *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation. *See Davis v. City & County of San Francisco*, 976 F.2d 1536, 1549 (9th Cir. 1992), *vacated in*

*part on other grounds*, 984 F.2d 345 (9th Cir. 1993). To calculate the lodestar figure, a party must submit "satisfactory evidence...that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11 (1984). There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). However, upon considering the relevant *Kerr* factors that may bear on reasonableness, the court may adjust the award from the lodestar figure. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). Only in rare instances should the lodestar figure be adjusted on the basis of these considerations. *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994).

### III. DISCUSSION

**A.   ATTORNEY'S FEES**

**1.   PREVAILING PARTY AND PROPORTIONALITY OF FEES TO RECOVERY**

Defendant argues that Plaintiff is not entitled to attorney's fees because he did not allege a Fourth Amendment violation against Defendant Kirby. (Doc. # 90 2-3.) Defendant further argues that Plaintiff is not the prevailing party because the jury found for Defendant Kirby on the claims of false arrest and false detention and in Plaintiff's favor on only the excessive force claim. (*Id.* at 3.) Specifically, Defendant contends that Plaintiff's requested attorney's fees should be adjusted downward because Plaintiff's attorney's fees are grossly disproportionate to the amount awarded Plaintiff by the jury. (*Id.* at 11-13.) Furthermore, Defendant argues that Plaintiff's success did not convey any significant public benefit. (*Id.* at 12-13.) Finally, Defendant asserts that the court should not award more than $13,371.88 in total attorney's fees. (*Id.* at 13.)

Plaintiff counters that the verdict form clearly contradict's Defendant's assertion that there was no Fourth Amendment violation against Defendant Kirby. (Doc. # 92 2.) Plaintiff further contends that the excessive force claim was the crux of this action and that the $25,000

4

award was a very good result. (*Id.* at 7.) Finally, Plaintiff argues that a meaningful public benefit was achieved because the Reno Police Department was sent a message that unconstitutional excessive force is not an approved practice. (*Id.* at 7-8.)

First, Defendant claims Plaintiff did not allege a Fourth Amendment violation as to Defendant. At trial, Plaintiff alleged that Defendant was liable for unlawful detention, unlawful arrest, and excessive force, in violation of the Fourth Amendment and 42 U.S.C. § 1983. To that end, the special verdict form set forth each of these claims against Defendant Bruce Kirby. (Doc. # 79.) Moreover, Defendant offered jury instructions regarding 42 U.S.C. § 1983 and the Fourth Amendment with respect to Defendant Bruce Kirby's actions. (Doc. # 65.) Therefore, Defendant's contention that the Fourth Amendment violations did not pertain to him is not well taken.

Next, Defendant claims that the attorney's fees be reduced in accordance with *Hensley v. Eckerhard*, 461 U.S. 424, 429 (1983) and *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 195), because Plaintiff prevailed on only the excessive force claim. Defendant also claims that no public benefit resulted from the verdict. (Doc. # 90 11-13.)

Under *Hensley*, the reasonableness of a fee award is determined by answering two questions: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley*, 461 U.S. at 434; *see also McCown v. City of Fontana*, 565 F.3d 1097, 1103 (9th Cir. 2009). "A plaintiff is not eligible to receive attorney's fees for time spent on unsuccessful claims that are unrelated to a plaintiff's successful § 1983 claim." *McCown*, 565 F.3d at 1103. However, in a lawsuit where the plaintiff presents different claims for relief that "involve a common core of facts" or are based on "related legal theories," the district court should not attempt to divide the request for attorney's fees on a claim-by-claim basis. *Hensley*, 461 U.S. at 435. Instead, the court must proceed to the second part of the analysis and "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

5

Here, the answer to the first question is no. The claims that Plaintiff prevailed on and did not prevail on are clearly related. The unlawful detention, unlawful arrest, and excessive force claims all arise from the same common set of core facts.

Next, the court must determine whether Plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award. *Hensley*, 461 U.S. at 434.

"[A]ttorney's fees awarded under 42 U.S.C. § 1988 must be adjusted downward where the plaintiff has obtained limited success on his pleaded claims, and the result does not confer a meaningful public benefit." *McCown*, 565 F.3d at 1103. "Although the Supreme Court has disavowed a test of strict proportionality, it also suggested that a comparison of damages awarded to damages sought is required." *Id*. at 1104 (citing *City of Riverside v. Rivera*, 477 U.S. 561, 576 (1986) (Powell, J., concurring)). In civil rights cases, a rule of proportionality is inappropriate "because it fails to recognize the nature of many, if not most civil rights cases, in which damages may be limited by law, regardless of the importance of the civil rights at issue." *Id*. "For this reason, the district court must consider the excellence of the overall result, not merely the amount of damages won." *Id*. "[R]esults may not be measured solely in terms of damages...[thus,] a court should consider not only the monetary results but also the significant nonmonetary results [the plaintiff] achieved for himself and other members of society." *Id*. (quoting *Morales v. City of San Rafael*, 96 F.3d 359, 365 (9th Cir. 1996)(second alteration in original).

Here, the jury found in favor of Plaintiff on the excessive force claim and awarded Plaintiff $25,000.00 in actual damages. (*See* Doc. # 79 and Doc. # 84.) While Plaintiff requested more than this amount at the conclusion of his case, the court agrees with Plaintiff that this matter really turned on the excessive force claim, and that a $25,000.00 damages award, in light of the fact that no special damages were sought, is an excellent result.

In considering the excellence of Plaintiff's overall result, the court finds that Plaintiff's counsel provided a "meaningful public benefit." Aside from obtaining a $25,000.00 judgment

6

in this case, Plaintiff established that Defendant violated his right to be free from unconstitutional excessive force. In securing this ruling, Plaintiff established a significant non-monetary result to members of society- alerting police that it is unacceptable to use excessive force. The results Plaintiff obtained in this case serve the public interest by vindicating the constitutional right to be free from excessive force, sending a message to the City of Reno and its police department about the need to refrain from using such force. The verdict in Plaintiff's favor puts police officers on notice of the consequences for constitutional violations. *See Guy v. City of San Diego*, 608 F.3d 582, 588-89 (9th Cir. 2010) (concluding that even in the absence of a damages award beyond nominal damages, a plaintiff achieved "tangible results" by establishing that officers used excessive force, which logically would prompt the police department to take a closer look at the level of force used by its officers). Because Plaintiff obtained an excellent result and conferred a meaningful public benefit, the court declines to reduce Plaintiff's attorney's fee award on this basis.

**2.    AMOUNT REQUESTED**

Plaintiff's motion requests a total of $108,850 in attorney's fees, which he states is calculated by multiplying the hourly rate of $350 by a total of 311.60 hours. (Doc. # 86 10, Ex. 1-2.) However, 311.60 hours multiplied by $350 is $109,060.00. The court will assume that this was a typo and will consider Plaintiff's request for fees to be $109,060.00. Defendant challenges the amount of Plaintiff's request on various grounds, each of which is discussed below.

**3.    REASONABLE RATE**

Plaintiff argues that a reasonable hourly rate for his attorney is $350 per hour. (Doc. # 86 9:13-15, Ex. 2 ¶¶ 11-12.) In support of his position, Plaintiff's counsel states that he normally charges $400 per hour (Doc. # 86-2 ¶ 11), and that his most recent award of fees was in 2008 at $350 per hour (*Id.* at ¶ 12). Plaintiff's counsel also provides a copy of his curriculum vitae setting forth his experience as a lawyer and law enforcement officer. (Doc. # 86-2 ¶ 14 and Doc. # 86-3.)

1    Defendant argues that the rate of $350 is not reasonable because: (1) Plaintiff failed to
2 attach a contract showing that Plaintiff agreed to pay counsel this rate; (2) Plaintiff's counsel
3 does not have a standard billing rate; and (3) Plaintiff's counsel's work in this matter was
4 substandard. (Doc. # 90 10-11.) Instead, Defendant submits that the hourly rate of $250 is
5 reasonable. (*Id.* at 11.)

6    In determining whether an hourly rate is reasonable, the court considers the experience,
7 skill, and reputation of the attorney requesting fees. *See Webb v. Ada County*, 285 F.3d 829,
8 840 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in
9 the community. *Id.*; *see also Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (noting
10 that the rate awarded should reflect "the rates of attorneys practicing in the forum district").
11 In addition to their own statements, attorneys are required to submit additional evidence that
12 the rates charged are reasonable. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th
13 Cir. 1987).

14    "When a fee applicant fails to meet its burden of establishing the reasonableness of the
15 requested rates...the court may exercise its discretion to determine reasonable hourly rates
16 based on its experience and knowledge of prevailing rates in the community." *Bademyan v.*
17 *Receivable Mgmt. Servs. Corp.*, 2009 WL 605789 at *5 (C.D. Cal. 2009). However, "[i]t is
18 an abuse of discretion to apply market rates in effect more than two years before the work was
19 performed." *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003).

20    Based on the information provided by Plaintiff's counsel and the court's experience and
21 knowledge of prevailing rates in the District of Nevada, the court finds that $350 per hour is
22 a reasonable rate for the work performed by Plaintiff's attorney. The court recently awarded
23 attorney's fees at this hourly rate in a similar action (3:06-cv-00717-RAM, Doc. # 90).
24 Moreover, Plaintiff's counsel was awarded fees at this rate in 2008. (Doc. # 86-2 ¶ 12.) As
25 discussed above, the court may not rely on the market rates in effect more than two years before
26 the work was performed, but based on the court's experience, it finds that the $350 hourly rate
27 remains reasonable for the work performed by Plaintiff's counsel.

28

### 4. HOURS REASONABLY EXPENDED

Plaintiff argues that the 311.60 hours expended by counsel, Mr. Boles, were reasonably expended. (Doc. # 86.) Defendant argues that the number of hours spent by Plaintiff's counsel should be reduced because: (1) Plaintiff should not be able to recover fees for hours spent handling the underlying criminal matter; (2) Plaintiff is not entitled to recover fees related to the Ninth Circuit appeal; (3) the award should be reduced for the administrative or secretarial work undertaken by Plaintiff's counsel; and (4) the award should be reduced for items not necessarily incurred or excessively billed. (Doc. # 90.)

Although district courts have discretion in determining the amount of a fee award, "it remains important...for the district court to provide a *concise* but *clear* explanation of its reason for the fee award." *Hensley*, 461 U.S. at 437 (emphasis added). The district court should give at least some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 485 (9th Cir. 1988) ("Courts need not attempt to portray the discretionary analyses that leads to their numerical conclusions as elaborate mathematical equations, but they must provide sufficient insight into their exercises of discretion to enable [the appellate court] to discharge our reviewing function").

At the outset, "[t]he fee applicant bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citing *Hensley*, 461 U.S. at 433, 437). A court must guard against awarding fees and costs which are excessive and must determine which fees and costs were self-imposed and avoidable. *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 404 (6th Cir. 1987). A court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Soler v. G & U, Inc.*, 801 F.Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. *See Gates*, 987 F.2d at 1397 (quoting *Hensley*, 461 U.S. at 433-34). However, in awarding fees under section

9

1988, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

### a.   Plaintiff's Criminal Case

Defendant argues that the costs incurred in handling the underlying criminal matter are not associated with the civil rights matter and should not be allowed. (Doc. # 90 5-6.) Plaintiff argues that the hours spent on the underlying criminal matter were necessary for the advancement of the civil rights case. (Doc. # 92 5.) Plaintiff further contends that even if the hours were used to prepare for the criminal case, they had to be spent preparing for the civil rights case and were not double charged. (*Id.*)

Plaintiff seeks to recover attorney's fees for 11.2 hours spent from November 30, 2005 to March 17, 2006, which includes work performed in connection with Plaintiff's criminal matter. (Doc. # 86-1.) The court finds that attorney's fees incurred in handling the underlying criminal matter are not allowed in connection with attorney's fees sought pursuant to 42 U.S.C. § 1988. Attorney's fees "incurred in defending a prior criminal charge are not compensable within the meaning of § 1988." *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988) (referring to the holdings in *Perkins v. Cross*, 728 F.2d 1099 (8th Cir. 1984) and *Greer v. Holt*, 718 F.2d 206 (6th Cir. 1983)).[2] "The plain language of § 1988 supports [this] holding[ ]. Section 1988 provides that in actions brought '*to enforce a provision of* [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee.'" *Id.* at 1389 fn. 4 (emphasis and brackets original)(citing 42 U.S.C. § 1988

---

[2] The court in *Borunda* recognized that "[a] plaintiff who establishes liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 is entitled to recover compensatory damages for all injuries suffered as a consequence of those deprivations," which may include expenditures for legal representation during a prior criminal proceeding. *Borunda*, 885 F.2d at 1389-90. However, at fn. 4, the court recognized the difference between seeking fees as an element of damages in a section 1983 action, which may be allowed, and seeking attorney's fees pursuant to section 1988, which is not proper.

(1982)).[3] Therefore, the attorney's fees incurred in connection with Plaintiff's underlying criminal matter are not allowed. The court will allow Plaintiff to recover the 3.1 hours Defendant has objected to as part of the criminal matter that appear to have been incurred in connection with the civil manner as well and were not double charged. Specifically, the court finds that the award should be reduced by 8.1 hours spent on the criminal matter. The following fees objected to by Defendant will not be allowed:

| DATE | DESCRIPTION | HOURS |
|---|---|---|
| 11/30/05 | Review criminal case | 1.50 |
| 11/30/05 | Review relevant case law | 0.30 |
| 12/01/05 | Meet with client to review narrative of arrest | 1.50 |
| 12/01/05 | Review and revise Authorization to Represent | 1.50 |
| 12/01/05 | Review and revise Notice of Appearance | 0.10 |
| 12/1/05 | Review and revise Motion to Continue | 0.20 |
| 01/26/06 | Appearance at Reno Municipal Court | 3.00 |
|  | TOTAL | 8.1 |

### b.   Attorney's Fees Incurred on Appeal

Defendant argues that the fees incurred in connection with the Ninth Circuit appeal filed by Defendant in March 2009 are not allowed. (Doc. # 90 6-8.)

A district court is not authorized to rule on the request for appellate attorney's fees unless the fee applicant has requested such fees from the circuit court. *Cummings v. Connell*, 402 F.3d 936, 948 (9th Cir. 2005). Ninth Circuit Rule 39-1.6 provides that a request for attorney's fees must be filed with the circuit clerk within fourteen days from the expiration of the period within which a petition for rehearing may be filed. *See* Circuit Rule 39-1.6, 1.8. If a petition

---

[3] The court notes that the Central District of California reached a different result in *Beltran Rosas v. County of San Bernadino*, 260 F.Supp.2d 990 (C.D. Cal. 2003). There, the district court chose to disregard the Ninth Circuit's language in fn. 4 of *Borunda* recognizing that section 1988 does not permit the recovery of fees from an underlying criminal matter. *Beltran Rosas*, 260 F.Supp.2d at 995 (citing *Borunda*, 885 F.2d at 1389 fn. 4). Here, the court disagrees with the court in *Beltran Rosas*, and instead agrees with the court in *Borunda* that the plain language of section 1988 does not support the recovery of attorney's fees incurred in an underlying criminal matter.

11

for rehearing is filed, a request for attorney's fees must be filed with the circuit clerk within fourteen days after the court's disposition of the petition. *Id.* The circuit rules allow for the transfer of a fees-on-appeal request to the district court for consideration, but "the decision to permit the district court to handle the matter rests with the court of appeals." *Cummings*, 402 F.3d at 948. Certain statutes allow for requests for appellate fees requests to be made to the district court, but attorney's fees-on-appeal requests pursuant to section 1988 must be filed in the first instance in the circuit court. *Compare Natural Resources Defense Council, Inc. v. Winter*, 543 F.3d 1152, 1163-64 (9th Cir. 2008) (holding that a fee request under Equal Justice Act, 28 U.S.C. § 2412, allows for the district court to properly award fees at all levels of litigation), *with Cummings*, 402 F.3d at 948 (holding that appellate fees requested pursuant to 42 U.S.C. § 1983 must be filed with the Ninth Circuit clerk in the fist instance).

Here, Plaintiff does not indicate that he made any requests for fees from the circuit court or that he filed any motion to transfer consideration of attorney's fees on appeal.[4] The court recognizes that this may have been an oversight, and that this oversight is met with harsh results; however, the court is without authority to award any appellate fees. Therefore, the court finds that the Plaintiff is not entitled to attorney's fees incurred in the course of the appeal. The court finds that the following 58.25 hours were related to the appeal and will reduce Plaintiff's award of attorney's fees accordingly:

| DATE | DESCRIPTION | HOURS |
| --- | --- | --- |
| 03/06/09 | Review of Notice of Appeal | 0.20 |
| 03/09/09 | Review of Transmittal of Notice of Appeal and Docket Sheet | 0.20 |
| 03/11/09 | Review Time Schedule Order | 1.00 |
| 03/12/09 | Conference with client re appeal | 1.50 |

---

[4] Plaintiff does note that no costs were awarded pursuant to the Ninth Circuit's order dismissing Defendant's appeal. (*See* Doc. # 86 4.)

12

| Date | Description | Hours |
|---|---|---|
| 03/13/09 | Review of Transcript Designation | 0.10 |
| 03/16/09 | Review of Civil Appeals Docketing Statement | 0.40 |
| 04/13/09 | Review of order considering case for inclusion in the Mediation Program | 0.20 |
| 04/22/09 | Review of Transcript of Proceedings Dkt 48 | 0.20 |
| 04/22/09 | Review of Transcript of Proceedings Dkt. 49 | 0.10 |
| 04/22/09 | Review of Transcript of Proceedings Dkt. 50 | 0.10 |
| 04/22/09 | Review of Transcript of Proceedings Dkt. 51 | 0.10 |
| 05/04/09 | Review of Certificate of Records on Appeal | 0.10 |
| 05/12/09 | Conference with client re settlement assessment conference | 0.50 |
| 05/12/09 | Preparation for settlement assessment conference | 0.10 |
| 05/14/09 | Telephonic settlement assessment conference | 0.20 |
| 05/22/09 | Review order re mediation | 0.10 |
| 07/28/09 | Review of Opening Brief | 3.50 |
| 08/10/09 | Draft, review and revise Unopposed Mot. to Extend Time to File Answering Brief | 0.20 |
| 09/19/09 | Draft, review and revise of Stipulation to Extend Time to File Answering Brief | 0.10 |
| 10/17/09 | Draft, review and revise Second Stip. to Extend Time to File Answering Brief | 0.10 |
| 10/20/09 | Draft, review and revise Answering Brief | 30.50 |
| 12/03/09 | Review of Reply Brief | 0.50 |
| 12/03/09 | Review of Motion For Miscellaneous Relief | 0.25 |
| 12/03/09 | Review Order re motion to include video tape | 0.50 |
| 02/18/09 | Review of Notice of Oral Argument | 0.50 |
| 02/22/10 | Review and revise Acknowledgment of Hearing Notice | 0.20 |
| 02/25/10 | Review docket re copies of DVDs from Reno City Attorney's Office | 0.10 |
| 03/23/10 | Review of DVD's | 4.50 |
| 03/24/10 | Preparation for oral argument | 9.50 |
| 04/06/10 | Review Supplemental Authorities from Bruce Kirby | 1.50 |

| | | |
|---|---|---|
| 04/06/10 | Order vacating oral argument | 0.20 |
| 04/14/10 | Review Submission on the briefs | 0.20 |
| 04/23/10 | Review of Memorandum/Order Dismissing Appeal | 0.50 |
| 04/26/10 | Review Memorandum/Order of USCA | 0.10 |
| 05/17/10 | Review of Mandate of USCA judgment dismissing appeal | 0.10 |
| 05/17/10 | Review Order on Mandate remanding case to USDC | 0.10 |
| | TOTAL: | 58.25 |

### c.  **Administrative or Secretarial Work**

Defendant argues that Plaintiff unreasonably seeks attorney-level compensation for 4.3 hours of administrative or secretarial work.  (Doc. # 90 8.)  Defendant points out that he produced the exhibit books during the February 2009 trial which Plaintiff claims his counsel spent 4 hours preparing.  (*Id*., Ex.  1 ¶ 6.)

Plaintiff argues that in the August 2010 trial, he produced the exhibit books into which the defense exhibits were placed and he did not have staff to perform this task. (Doc. # 92 5-6.) While Plaintiff argues that this task related to the August 2010 trial, the billing entry is from February 16, 2009 and clearly refers to the February 2009 trial. (Doc. # 86-1.) Therefore, the court finds that the attorney's fee award should be reduced 4 hours.

Plaintiff does not address Defendant's argument regarding the .3 hours spent drafting, reviewing, and revising a summons and civil cover sheet as being administrative or secretarial in nature.  The court finds the preparation, review and revision of the summons and civil cover sheet to be administrative in nature and will reduce the fee award accordingly.

### d.  **Unnecessary or Excessive Time Spent**

#### i.  **Stipulation for Extension of Time to File JPTO**

Defendant argues that the 4.5 hours spent on preparing a stipulation for extension of time to file a JPTO is excessive.  (Doc. # 90 9.)  Plaintiff concedes that this charge is in error

14

and states that the correct time should have been 0.2 hours. The court finds that the fee award should be reduced accordingly, disallowing 4.3 hours.

### ii. Jury Trial (1)

Defendant objects to the billing entries that account for 47 hours in jury trial, preparation and debriefing in connection with the 2009 trial. (Doc. # 90 8-10.) Defendant argues that 10.5 hours for "preparation and debriefing" is excessive because it is above 10 hours per day for trial work. (*Id.* at 10.) Defendant offers minimal rationale for reducing these hours. The court finds it entirely reasonable for Plaintiff's counsel to have spent 47 hours in jury trial, preparation, and debriefing over a period of four days in connection with the 2009 trial and declines to reduce the hours expended by Plaintiff's counsel in this regard.

### iii. Motion to Compel

Defendant argues that .3 hours spent on a motion to compel should be disallowed because the description is inadequate for an "unidentified" motion to compel so that Defendant cannot determine if the charges were actually and reasonably incurred. (Doc. # 90 9.) Defendant need only cross-reference the date of the billing entry for the motion to compel, March 3, 2009, with the court's docket, to determine that the billing entry refers to an ex parte motion to compel filed by Plaintiff on the same date (Doc. # 41). There is no indication that .3 hours is excessive, and the court declines to reduce Plaintiff's attorney's fee award.

### iv. Letter to Poehlman Re Personnel Complaint

Defendant argues that .8 hours spent on drafting a letter to Michael Poehlman regarding a personnel complaint was excessive because there is no further explanation for this charge it should not be allowed. (Doc. # 90 9.) Defendant presents minimal rationale for reducing this charge, and the court declines to exercise its discretion to reduce the award.

### v. Trial Brief Re Admission of Acquittal

Defendant argues that the attorney's fee award should be reduced the 2.5 hours spent by Plaintiff's counsel drafting and revising a trial brief in support of admission of the judgment of acquittal because the motion was dismissed by the court. (Doc. # 90 9.) Even though the

15

court denied the motion, the court does not find that the 2.5 hours spent in drafting and revising this trial brief were excessive and declines to reduce the fee award with respect to the time spent on this brief.

### vi.    Jury Trial (2)

Defendant argues that 10.5 hours spent in preparation and debriefing is excessive because it exceeds 10 hours per day for trial. (Doc. # 90 10.) However, the table included by Defendant setting forth the time to which he objects (Doc. # 90 8-9) references 9.0 hours on August 28, 2010, spent preparing exhibits and reviewing the transcript and appeal in preparation for trial, 12.0 hours on August 30, 2010, in trial, debriefing, and researching jury instructions, and 11.50 hours on September 2, 2010, for trial, preparation, and waiting for the jury. (Doc. # 90 8-9.) It is unclear whether Defendant objects to each of these entries because they exceed 10 hours per day, or whether other bases exist for objecting to these entries. In any event, the court finds that the hours spent by Plaintiff's counsel in trial and preparing for trial are reasonable and declines to reduce the attorney's fee award in this regard.

### vii.    Motion in Limine Re Admission of Dispatch Tapes

Defendant argues that the attorney's fee award should be reduced by the 1.5 hours spent by Plaintiff's counsel drafting, reviewing and revising a motion in limine regarding the admission of dispatch tapes which was denied by the court. (Doc. # 90 9-10.)

Even though the court denied the motion in limine, the court does not find that the 1.5 hours spent in preparing the motion were excessive and declines to reduce the fee award with respect to this motion.

### viii.    Motion for Fees

Defendant's table indicates that Defendant objects to the 18.5 hours spent by Plaintiff's counsel in connection with the motion for fees but Defendant fails to include any substantive argument regarding reducing the fee award in connection with the time spent on the fees motion. (Doc. # 90 8-9.) Nonetheless, the court finds the 18.5 hours spent on the fees motion to be excessive. While the court appreciates the fact that preparing the motion was no easy

1 undertaking, the court nevertheless concludes that 10 hours to prepare, review and revise a
2 motion for attorney's fees was reasonably necessary, and will reduce the fee award accordingly.

**B.    COSTS**

Plaintiff seeks $948.06 in costs. (Pl.'s Bill of Costs (Doc. # 85).) Defendant objects to Plaintiff's Bill of Costs. (Doc. # 87.) First, Defendant argues that Doc. # 85 was not verified and does not indicate that the items are correct and that services and disbursements have been actually and necessarily provided and made pursuant to LR 54-1. (Doc. # 87 2.) In addition, Defendant argues that several of Plaintiff's itemized costs are not recoverable because: (1) there is no itemization of exemplification of copies of papers as required under LR 54-6 (Doc. # 87 2); (2) Plaintiff offers no explanation of "other costs" in the amount of $12.24 (Doc. # 87 3); and (3) $170.00 in witness fees and mileage fees should be denied because the witnesses were never called to testify at either trial (Doc. # 87 3).

Plaintiff claims that the documents were submitted and electronically signed by Plaintiff's counsel under penalty of perjury in compliance with LR 54-1. (Doc. # 88 2.) As to the itemization for exemplification of copies of papers, Plaintiff asserts that this cost was incurred for copies of Plaintiff's answering brief in connection with the appeal. (Doc. # 88 2.) Plaintiff asserts that the "other costs" were for Federal Express delivery of the answering brief to the Ninth Circuit. (Doc. # 88 2.) With respect to the witness fees and mileage, Plaintiff argues that it was necessary to subpoena police officers, but concedes that the cost for Officer Primus was not necessarily incurred. (Doc. # 88 2.)

Fed. R. Civ. P. 54(d)(1) provides that costs "shall be allowed...to the prevailing party." Courts have interpreted this rule to create a presumption in favor of the award of costs in favor of the prevailing party, but reserving for the district judge the discretion to deny costs in appropriate circumstances. *See Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003); *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). The losing party has the burden to "establish a reason to deny costs." *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).

17

Preliminarily, Defendant moved to strike (Doc. # 89) Plaintiff's reply to Defendant's objection to Plaintiff's costs bill (Doc. # 88). Plaintiff correctly points out that LR 54-13 does not prohibit a reply. The motion to strike Plaintiff's reply is denied.

As to Defendant's claim that the bill of costs was not properly verified, Plaintiff correctly points out that the document was electronically signed under penalty of perjury and is in compliance with LR 54-1(b).

Plaintiff admits that the $70.32 in fees for exemplification and the costs of making copies and $12.24 in "other costs" were incurred in connection with the appeal. (Doc. # 88 2.) The court therefore finds that these items should not be allowed for the reasons set forth above relating to the recovery of fees and costs on appeal.

Plaintiff seeks to recover $495.00 in costs for witness fees, but concedes that the $25.00 fee for Officer Keith Primus should be disallowed. The court orders that the $25.00 fee for Officer Primus is not allowed. As to the remaining witness fees, the court finds that it was reasonable for Plaintiff to subpoena these officers even if they were not in fact actually called at trial. The court declines to exercise its discretion to deny these costs.

Based on the foregoing and the court's review of the costs bill, the court finds that Plaintiff is entitled to recover $840.50 in costs reasonably incurred.

**C. TOTAL CALCULATION**

In sum, the court finds that the total lodestar for Plaintiff's attorney's fees is $79,852.50 (228.15 hours multiplied by $350 per hour). The total amount of costs awarded is $840.50. The total award is $80,693.00.

In reaching the total number of compensable hours, the court reduced the initial hours requested (311.60) by the following:

- 8.1 hours in connection with the underlying criminal case;
- 58.25 hours in connection with the appeal;
- 4.3 hours deemed to be administrative or secretarial in nature;

- 4.3 hours deemed excessive in connection with the stipulation to extend time to file the JPTO; and
- 8.5 hours deemed excessive in connection with the motion for attorney's fees.

In addition, the court reduced the total amount of costs requested ($948.06) as follows:

- $70.32 for copying costs incurred in connection with the brief on appeal;
- $12.25 in mailing costs incurred in connection with the brief on appeal;
- $25 witness fee for Officer Primus.

The court orders Defendant to pay this amount to Plaintiff no later than thirty (30) days from the date of this order.

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. # 86) is **GRANTED** in part and **DENIED** in part as detailed above.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Bill of Costs (Doc. # 85) is **GRANTED** in part and **DENIED** in part as detailed above.

DATED:   November 29, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

19